## Case No. 4,447.

### EMIGH v. CHAMBERLAIN.

[1 Biss. 367;[1] 2 Fish. Pat. Cas. 192; 1 Am. Law Reg. (N. S.) 207.]

District Court, D. Wisconsin. Sept., 1861.

Ryan & Jenkins, for complainant.
Emmons & Van Dyke, for defendant.

MILLER, District Judge. The complainant,—as the assignee, for the state of Wisconsin, of a patent right to Francis A. Stevens for a combination and arrangement of levers, link-rods, and shoes or rubbers, whereby each wheel of both trucks of a car on a railway is retarded with uniform force when the brake is put in operation,—brings this bill against defendant for operating or causing to be operated, the La Crosse and Milwaukee Railroad, in this state, by the use of cars with the improved brakes attached. The defendant sets up a deed from the patentee, Francis A. Stevens, given, previously to complainant's assignment, to the said railroad company, whereby, in consideration of six hundred dollars to him paid in full satisfaction, he licensed and conveyed to the company the full and exclusive right and liberty of using the said improvement on any or all their own cars, over any part of their road. Defendant further shows that, by an instrument of writing, called by him a lease or mortgage, the company granted to him, for an indefinite time its entire railroad and road route, together with right of way and depot grounds, and all buildings and property of every description, including the rolling stock, he to operate the road and receive all the revenues, and out of them defray all expenses of operating the road, purchasing additional rolling stock, paying interest of liens, and the residue to apply toward a claim of his own against the company, and when his claim should be paid, either by the company, or out of the revenues of the road, the property to revert to the company. The company were using the patented improvement upon the cars that passed to Chamberlain, and which he continued to use. Chamberlain, after operating the road for some time, under the deed of the company, was superseded by an order of this court appointing a receiver.

The assignment to complainant excepts the license to the company. Whether Stevens would be the proper person to claim damages is not made a question by the pleadings. Can the complainant require defendant to account to him, is the only question submitted.

The deed of Stevens to the company licenses and conveys the full and exclusive right of using the improvement on their own cars. There is no power granted to the company to vest the right in any person, by conveyance or otherwise. It is simply a license.

In order to test the right set up by defendant, we must bear in mind that the railroad company is incorporated by a law of the state, and to such Stevens made the license, and as such, the company made the assignment to

defendant. The duties imposed upon the company by its charter, were not fulfilled by the construction of the road. Important franchises were granted the company to enable it to provide the facilities for communication and intercourse required for the public convenience. Corporate management and control over these were prescribed, and corporate responsibility for their insufficiency was provided, as a remuneration to the community for the legislative grant. The corporation cannot absolve itself from the performance of its obligation without the consent of the legislature. Defendant could only operate the road under and subordinate to the charter of the company, and not he, but the company, was liable for the performance of all the corporate duties to the public. He only could perform those duties in the name of the company. The franchises of the company were not, and could not be vested in him. He was nominally substituted for the company in the active use of the road and property. The corporation, as a creature of the law, must use the franchise granted it, by means of officers of its own appointment, either directly or indirectly. York, etc., R. Co. v. Winans, 17 How. [58 U. S.] 30, 39, and cases cited.

It is contended, on the part of the complainant, that defendant was a mortgagee in possession, and as such, he held under a title in the nature of a conveyance from the company. This court has uniformly considered the rolling stock of a railroad company as a fixture not liable to levy and sale apart from the realty, and we have placed liens by mortgage of those companies on the same footing as of individuals. In this state the mortgagor is the owner of the premises, until a sale is made in pursuance of a decree of court. The note and mortgage are choses in action. Sheldon v. Sill, 8 How. [49 U. S.] 441. The mortgagor may put the mortgagee in possession of the mortgaged premises, until the debt is paid by receipts of rents and issues; but the mortgagee would not hold adversely to, but under the mortgagor.

Technically, the deed under which defendant held possession of the road, was not a mortgage. The defeasance does not make it a mortgage, as without it the company would have the equitable right to regain possession upon discharging its debts to defendant, and to require him to account. The deed is an assignment of the revenues of the road to a preferred creditor, with the privilege of using the road and property of the company for the mutual interest of the debtor and creditor. The rolling stock and the road at the date of the assignment to defendant were subject to mortgages, whose accruing interest he became obliged to pay out of the revenues of the road. If he replenished the stock, he did so from the same source. The company being insolvent, devised the scheme of placing their property in the hands of defendant, for the purpose of completing the road to La Crosse,

paying the annual interest on liens, and satisfying his claim.

Although this court pronounced the arrangement fraudulent and void as to creditors, yet it was valid between the parties, and this suit can be defended under it. The deed to defendant is not a conveyance of the property. The rolling stock was the property of the company in defendant's hands. It might as well be claimed that the receiver appointed by this court should account for the use of the patented improvement, which, I presume, will not be pretended. The receiver holds the property of the company for the benefit of its creditors. Defendant did so with consent of the company for the same purpose. In both cases, the company is the owner of the cars with the patented improvement attached. The company did not divest itself, by its deed to defendant, of its corporate entity or property.

Defendant is to be viewed in the light of an agent and trustee. He was a mere substitute for the company, and his use of the cars was the same as that of the company, and exclusive as to third persons, or other interests in the meaning of the license.

The bill will be dismissed.